# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

HOWARD LEE JUSTICE, JR.,

    Plaintiff,

v.                              Case No. 2:20-cv-00356

C.O. STEVENS and
CHARLESTON AREA MEDICAL CENTER,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 2).

### I. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who is proceeding *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## II.    ALLEGATIONS IN COMPLAINT

The instant complaint alleges that, in late March of 2020, Plaintiff, a sentenced prisoner in the custody of the West Virginia Division of Corrections and Rehabilitation ("WVDCR") being housed at the South Central Regional Jail ("SCRJ"), was taken to Charleston Area Medical Center ("CAMC") after suffering seizures. He claims that, while at CAMC, he had another seizure causing him to fall to the floor, injuring his head. Without any further factual allegations, Plaintiff seeks monetary damages for "pain and suffering, medical bills, [and] mental anguish" for what he deems to be "cruel and unusual

punishment." (ECF No. 2 at 3-4). Plaintiff names as defendants CAMC and C.O. Stevens ("Stevens"), who appears to be a correctional officer on "hospital duty" at that time. (*Id.*)

With his complaint, Plaintiff has also provided grievance documents (which are somewhat illegible) that appear to suggest that he is claiming that Stevens' failure to restrain him to his hospital bed permitted his injury and constituted "cruel and unusual punishment" by not following prison policy directives. (*Id*. at 6-8). The grievance documents offered by Plaintiff further demonstrate that the grievance was rejected by the Commissioner of the West Virginia Division of Corrections and Rehabilitation for excessive pages. (*Id*. at 6).

### III.    ANALYSIS

There are several reasons that Plaintiff's complaint should be dismissed, each of which will be addressed herein.

#### A.    *Charleston Area Medical Center*

Plaintiff's complaint names CAMC as a defendant but alleges no facts to support a plausible claim for relief against CAMC or its employees. The complaint itself fails to allege any specific conduct by CAMC employees and merely asserts that Plaintiff had a seizure and fell to the floor while at CAMC, causing an alleged head injury. The grievance documents attached to the complaint shed little additional light on Plaintiff's allegations and, at best, assert that an unidentified nurse yelled at the correctional officer who was on hospital duty for not having Plaintiff cuffed and shackled to the bed. (ECF No. 2 at 8). These conclusory allegations do not contain enough facts to state a claim for relief that is plausible on its face and are insufficient to permit a reasonable inference that CAMC is liable for the misconduct alleged.

Moreover, to the extent that Plaintiff is alleging that CAMC should be held liable for "cruel and unusual punishment" caused by his seizure and fall in its hospital facility, the complaint fails to state a plausible claim for relief. CAMC is a private West Virginia corporation and is not a state actor that can be sued under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by <u>a person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

Because CAMC is not a state actor, even a liberal construction of the scant facts in the complaint would not permit an actionable constitutional claim against it under § 1983. Thus, Plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331, with respect to his claim against CAMC. Alternatively, if the court were to construe Plaintiff's claim against CAMC as a claim for negligence under West Virginia law, Plaintiff cannot meet the requirements for diversity of citizenship jurisdiction, as both he and CAMC appear to be citizens of the State of West

Virginia. 28 U.S.C. § 1332. Therefore, with respect to Plaintiff's claims against CAMC, Plaintiff's complaint fails to state a plausible claim for relief under federal law and it otherwise lacks subject matter jurisdiction to consider a state law negligence claim.

    B.    *C.O. Stevens*

While Stevens, as an employee of the WVDCR, is a state actor for the purposes of § 1983, the complaint also fails to state a plausible claim against him under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition encompasses "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833. However, a prisoner should not be subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"An inmate's Eighth Amendment claim involves a subjective component and an objective component." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008); *see also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) ("Determination of whether the Eighth Amendment has been violated requires analysis of subjective and objective components.") (citing *Wilson v. Seiter*, 501 U.S. 294, 302 (1991))). "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a

sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams*, 77 F.3d at 761. With respect to the subjective prong, a prison official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Scinto*, 841 F3d. at 225 (quoting *Estelle*, 429 U.S. at 104).

Here, even under the most liberal construction, Plaintiff's complaint fails to establish sufficient facts to demonstrate that Stevens (presuming he is the correctional officer who was on "hospital duty" when Plaintiff suffered the seizure at CAMC and fell out of bed) acted with deliberate indifference to his health and safety. At best, Plaintiff suggests that the failure to restrain him violated an unspecified "prison policy directive." However, the violation of a prison rule or policy by prison officials does not by itself constitute a violation of the Constitution, or of a prisoner's constitutional rights. *See Aliff v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 WL 5419444 at *8 (S.D.W. Va. Sept. 26, 2016) (Johnston, J.); *see also Jackson v. Sampson*, 536 F. App'x 356, 357-58 (4th Cir. 2013) (noting that a prison official's "failure to follow internal correctional policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation"); *Morton v. Sheeley*, No. 3:12-cv-122, 2014 WL 3700011, at *20 (N.D.W. Va. July 24, 2014) (noting that constitutional tort actions must be based on violations of federal constitutional rights, and rejecting the plaintiff's reliance on state legislative rule governing jail operations on the ground that "a failure to adhere to administrative regulations does not equate to a constitutional violation") (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993)).

Moreover, Plaintiff's conclusory allegations sound more in negligence than deliberate indifference, which is insufficient to rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 826; *Scinto*, 841 F.3d at 225; *Davis v. PrimeCare Med., Inc.*, No. CV ELH-20-2690, 2021 WL 1375565, at *12 (D. Md. Apr. 9, 2021) ("mere negligence or malpractice does not rise to the level of a constitutional violation). Therefore, Plaintiff's complaint fails to state a plausible Eighth Amendment claim against Stevens.

Also, like the findings regarding the claim against CAMC, if Plaintiff is attempting to assert a state law negligence claim against C.O. Stevens as well, it appears that the court lacks subject matter jurisdiction to consider such a claim because there is no diversity of citizenship. Any relief concerning alleged negligence by these defendants must instead be pursued in a West Virginia state court.[1]

### IV. RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2), pursuant to the provisions of 28 U.S.C. §§

---

[1] Additionally, it is evident from the face of the complaint documents that Plaintiff failed to properly exhaust the available administrative remedies, as his grievance was rejected by the Commissioner for submitting excessive pages. Therefore, his complaint would also be subject to dismissal under 42 U.S.C. § 1997e(a) and W. Va. Code § 25-1A-2 (inmate suits about prison conditions may proceed only if "administrative remedies as are available are exhausted."); *see also Custis v. Davis,* 851 F.3d 358, 361 (4th Cir. 2017) (permitting *sua sponte* dismissal in rare circumstance where the alleged facts in the complaint, taken as true, demonstrate that the plaintiff failed to exhaust his administrative remedies before filing his complaint).

1915A and 1915(e)(2)(B), as well as under Rule 12(h)(3) for lack of subject matter jurisdiction, to the extent Plaintiff is pursuing state law negligence claims.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at the McDowell County Corrections/Stevens Correctional Center, where he now appears to be incarcerated.

March 14, 2022

Dwane L. Tinsley
United States Magistrate Judge